## Belcher v. Commonwealth.

(Decided June 15, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law.—The Court of Appeals judicially knows that a certain person is one of circuit judges of the state.

2. Criminal Law—In Absence of Contrary Showing in Record, Court of Appeals Must Presume that, in Appointment and Qualification of Special Circuit Judge, Officers did their Duty (Ky Stats., section 971-5).—There being nothing in record to show that Ky Stats., section 971-5, requiring commission of special circuit judge and fact that he has taken oath to be entered in order book of court, was not complied with, Court of Appeals, on question first being made before it, must presume that officers did their duty.

3. Criminal Law—Record Showing that Special Circuit Judge, who was a Regular Circuit Judge, was Designated by Governor to Try Case in Question Held to Show that he had Jurisdiction as Against Objection First Made on Appeal (Ky Stats., sections 971-1, 971-2, 971-5).—On question made for first time on appeal as to whether special circuit judge who tried case had jurisdiction, record showing that special judge, who was a regular judge, was designated by Governor to try case, in compliance with Ky Stats., sections 971-1, 971-2, 971-5, held sufficient to show jurisdiction of judge.

4. Criminal Law—Sending Witness who had Testified Back with Other Witnesses Held Not Error, where Witnesses had been put Under Rule and Duly Admonished.—No substantial error was committed by court's refusal to refrain from sending witness who had testified back to room where other witnesses were, where witnesses had been put under rule and duly admonished.

5. Criminal Law—Refusal to Permit Witness, Testifying that Distance was from 40 to 60 Feet, to Answer Whether he had Not Formerly Testified that it was 50 Feet, Held Not to have Prejudiced Defendant.—Refusal to allow witness, who had testified that distance in question was from 40 to 60 feet, to answer whether he had not formerly testifed that it was 50 feet, could not reasonably have prejudiced defendant, where difference in statement was not material on whole case.

6. Criminal Law—Refusal to Allow Question Whether Policeman Jointly Indicted with Defendant had Not Arrested Witness Held Not Prejudicial Where Excluded Evidence Could Not Have Affected Result.—Refusal to allow state's witness on cross-examination to answer whether one jointly indicted with defendant had not, as a policeman, searched witness' house and arrested him for moonshining, held not to have substantially prejudiced defendant, where material facts were clearly established, and excluded evidence, if admitted, could have had no effect on result of trial.

7. Criminal Law.—Opinion on former appeal is law of case.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The facts of this case are stated in the former opinion. See Rowe v. Commonwealth, 206 Ky. 803. On the return of the case to the circuit court Joe Belcher was tried separately; he was found guilty of voluntary manslaughter and his punishment fixed at two years' confinement in the penitentiary. He appeals.

It is insisted for the appellant that the judgment should be reversed because the record does not show that the special judge who tried the case had jurisdiction. This question was not made in the circuit court on the trial or on the motion for a new trial. All that the record shows on the subject is this sentence at the opening of the bill of exceptions:

"Be it remembered that this cause came on to be tried on the day and date above written in the cir-

cuit court of Pike county, Kentucky, before Hon. W. W. Williams, special judge designated by the Governor of the Commonwealth of Kentucky to try the above styled case, and a jury duly empaneled and sworn according to law to try the issue joined.''

The order filing the bill of exceptions also shows that ''Hon. W. W. Williams, the special judge who tried this case, being absent and not presiding at the present term of the court,'' by agreement of the parties the bill of exceptions was signed and filed by the regular judge of the court. The court judicially knows that Hon. W. W. Williams is one the circuit court judges of the state. It is provided by section 971, subsection 1, Kentucky Statutes, that the regular circuit judges of the state are authorized to act as special judges in any circuit. By subsection 2, the Governor, when there is need of a special judge, designates a circuit judge to hold the court. By subsection 5, the commission of the judge and the fact that he has taken the requisite oath must be entered on the order book of the court. The record before us does not show that subsection 5 was complied with, but there is nothing in the record to show that it was not complied with, and the question being first made in this court it must be presumed that the officers did their duty. The record shows that Judge Williams was designated by the Governor to try the case, and being a regular circuit judge he had authority to so act when designated by the Governor. This objection is therefore not available for reversal.

On the trial of the case the defendant's counsel moved the court after a witness had testified to send the witness downstairs and not back to the room where the other witnesses were, so that he could not tell the other witnesses what he had testified to. The court overruled the motion, and as the witnesses had been put under rule and duly admonished by the court there was no substantial error in this matter.

Complaint is also made of the ruling of the court in holding this: a witness testified that the car was from forty to sixty feet beyond the men when the last shot was fired, and he was then asked if he did not testify on the former trial that it was about fifty feet. The court refused to allow the question answered, saying that this was not a substantial contradiction. The defendant

could not reasonably have been prejudiced by this for the difference in the statement was not material on the whole case.

Harmon Hubbard, a witness for the Commonwealth, was asked on cross-examination if he was not on bad terms with Bart Rowe, who was jointly indicted with Belcher, and said he was not. He was then asked if Rowe, as policeman, had not twice searched his house and arrested him for moonshining. The court refused to allow this question to be answered on the ground that only Belcher was on trial and that the hostility of the witness to Rowe was immaterial, the fact being that Rowe had been previously tried and convicted. On the whole record the defendant was not substantially prejudiced by this ruling of the court, for the real facts on which the case turns were so clearly established that the testimony of Hubbard was of little consequence and the evidence if admitted could have had no effect on the result of the trial.

The opinion on the former appeal is the law of the case. The instructions of the court to the jury were as directed in that opinion. The verdict is not palpably against the evidence, which is practically the same as on the former trial and was held on the former appeal sufficient to take the case to the jury.

Judgment affirmed.