### Fair v. Commonwealth.

(Decided October 1, 1926.)

Appeal from Pike Circuit Court.

1. Criminal Law.—Absence of showing in record, that special judge who tried case was regularly commissioned or that he ever took oath, held to raise no presumption of lack of jurisdiction which could be first asserted on appeal.

2. Homicide.—In homicide case, where defendant testified that he did not know who killed deceased, exclusion of question, "Do you know that you did not?" which was in effect only a repetition of other questions answered, held not prejudicial.

3. Criminal Law.—That leading questions were asked by Commonwealth on redirect examination of witnesses held not prejudicial, where questions had been properly asked and answered on direct and cross examination.

PICKLESIMER & STEEL for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case and the facts are stated in the former opinion. See Rowe v. Common-

wealth, 206 Ky. 803, 268 S. W. 571.  On the, return of the case to the circuit court the appellant, Dave Fair, was tried separately and found guilty of voluntary manslaughter, his punishment being fixed at confinement in the penitentiary for a period of five years and one day.

Appellant insists that the record fails to reveal that the special judge who tried the case' was ever appointed or commissioned by the Governor or that there was any necessity for his appointment or that he ever qualified as special judge by taking the oath required by law, and that therefore the presumption arises that he was without jurisdiction to try the case.  The objection to the jurisdiction of the court is made for the first time on this appeal.  The record presents exactly the same facts on this subject as were presented in the companion case of Belcher v. Commonwealth, 215 Ky. 193, 284 S. W. 1023. The question was decided adversely to appellant's contention in that case and the objection is therefore without merit.

Complaint is also made of the ruling of the court in refusing to admit certain evidence.  Special attention is called to the following:

"Q.  Do you know which one of them killed him?
"A.  No, sir.
"Q.  Do you know that you did not?"

To this last question an objection was sustained.

Appellant had testified that he did not shoot at the deceased and that he had fired his pistol only twice and then in the opposite direction from the automobile in which the deceased was riding at the time he was killed.

The question, conceding it for the sake of argument to be unobjectionable in form, was in effect a repetition of other questions that had been answered and the ruling of the court was not prejudicial.

Appellant also complains of the manner in which the attorney for the Commonwealth examined the witnesses. The questions objected to were in leading form but were asked on redirect examination after they had been properly asked and answered on direct and cross examination.  They were objectionable in the form in which they were asked but were not prejudicial under the circumstances.

These are the only grounds urged for a reversal. In his motion and grounds for a new trial the appellant

stated that the verdict was not sustained by the evidence and that the court erred in not properly instructing the jury. The evidence was practically the same as on the former trial, and on the former appeal it was held sufficient to take the case to the jury. The instructions were given as directed in the opinion in that case and are identical with those given in Belcher v. Commonwealth, *supra*.

Judgment affirmed.